# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4787 | **DATE** | 4/14/2003 |
| **CASE TITLE** | Jimmy Coleman vs. Dennis L. Hockaday | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing re-set for 6/26/2003 at 10:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: This Court denies Respondent's motion to dismiss (13-1) Coleman's petition for writ of habeas corpus. This Court directs Respondent to answer the grounds for relief set forth in Coleman's petition for writ of habeas corpus within 10 days of this order (4/28/03). . Petitioner Coleman shall subsequently have 20 days (5/19/03) to reply to respondent's answer. The status hearing set for 4/24/03 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices | |
| | No notices required. | | | | |
| ✓ | Notices mailed by judge's staff. | | | APR 1 5 2003 | |
| | Notified counsel by telephone. | | | date docketed | 91 |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 4/14/2003 | |
| | | | | date mailed notice | |
| GL | courtroom deputy's initials | | | GL | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JIMMY COLEMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 02 C 4787 |
| ) | |
| DENNIS L. HOCKADAY, ) | |
| ) | |
| Respondent. ) | |
| ) | |

APR 1 5 2003

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Petitioner, Jimmy Coleman, is currently incarcerated at the Danville Correctional Center in Danville, Illinois, where he is in the custody of Warden Blair J. Leibach. Until recently, Coleman was incarcerated at the Western Illinois Correctional Center in Mount Sterling, Illinois, where he was under the custody of Respondent, Warden Dennis L. Hockaday. Coleman has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Presently before us is Respondent's motion to dismiss Coleman's petition. For the reasons set forth below, we deny the motion.

I.  **BACKGROUND**

On August 13, 1991, a Cook County, Illinois jury found Coleman guilty of first degree murder, and sentenced him to a term of forty years. Coleman appealed the Circuit Court's judgment, which the Illinois Appellate Court affirmed. Coleman then filed a petition for leave to appeal with the Illinois Supreme Court, which was denied on December 6, 1994.

In June 1995, Coleman filed a post-conviction petition in the Circuit Court of Cook County that presented the following claims: (1) violation of his 4th Amendment rights through illegal wiretapping, unlawful arrest, and detention; (2) violation of his 5th Amendment right through unlawful custodial

detention; (3) violation of his 7th Amendment right to a fair trial by being required to stand trial in jail attire; (4) denial of his due process rights by unduly suggestive identification procedures; (5) denial of effective assistance of trial counsel; and (6) denial of effective assistance of appellate counsel. Circuit Court Judge Michael P. Toomin dismissed Coleman's petition on August 3, 1995. *See People v. Coleman*, No. 91-CR-837 (unpublished order). The Circuit Court Clerk did not provide Coleman with notice of the dismissal of his first post-conviction petition or notice of his right to appeal the dismissal as required under Illinois Supreme Court Rule 651(b).

On August 25, 1995, Coleman filed an amendment to his first post-conviction petition. The amendment restated claims contained in Coleman's first post-conviction petition and additionally alleged that: (1) the state knowingly used perjured testimony against him at trial; (2) the trial court denied him discovery materials; (3) the trial court erred in admitting statements made by the victim and two witnesses; (4) violation of his 8th Amendment right against cruel and unusual punishment; (5) a psychological examination was not ordered until after his conviction and sentence; and (6) the appellate court erred in affirming his judgment of conviction. On November 9, 1995, the Circuit Court determined the filing to be a second post-conviction petition and dismissed it as frivolous. *See People v. Coleman*, No. 91-CR-837 (unpublished order). The Circuit Court Clerk provided Coleman with notice of the dismissal of his second post-conviction petition as well as notice of his right to appeal the dismissal. Coleman subsequently filed a timely appeal of that dismissal, which the Illinois Appellate Court affirmed on October 23, 1996. Coleman then filed a petition for leave to appeal with the Illinois Supreme Court, which was denied on January 29, 1997.

Coleman attempted to appeal the dismissal of his first post-conviction petition despite the Circuit Court Clerk's failure to provide him with the requisite notice. On February 8, 1996, the Illinois Appellate Court returned Coleman's appeal along with a letter errantly informing him that it had already

been processed and had been assigned the appellate court number 1-95-4404. The appeal to which the Illinois Appellate Court referred was Coleman's appeal of the dismissal of his second post-conviction petition. After further inquiry by Coleman, the Illinois Appellate Court wrote to him on February 22, 1996, explaining that it had already received a notice of appeal on Coleman's behalf. Again, it referred to Coleman's appeal of the dismissal of his second post-conviction petition. On July 27, 1998, the Illinois Appellate Court confirmed that Coleman had indeed filed only one appeal, that from the dismissal order regarding his second post-conviction petition.

Throughout this time, Coleman also corresponded with Circuit Court Judge Toomin. In letters dating from March 1, 1996 to June 16, 1998, Judge Toomin explained that his examination of the court file reflected that Coleman took an appeal from both dismissal orders. Significantly, Judge Toomin informed Coleman that it was the Circuit Court Clerk that processed his appeal regarding the dismissal of his first post-conviction petition. On March 2, 1999, Coleman filed a mandamus petition in the Circuit Court before Judge Toomin demanding permission to file a late notice of appeal. Judge Toomin denied the mandamus petition on March 12, 1999. On May 17, 1999, Judge Toomin, *sua sponte*, reentered his August 3, 1995 order dismissing Coleman's first post-conviction petition. *See People v. Coleman*, No. 91-CR-837 (unpublished order). Judge Toomin informed Coleman of his action in a letter dated May 21, 1999. Judge Toomin stated that he had learned that the Circuit Court Clerk never provided Coleman with notice of the dismissal of his first post-conviction petition or notice of his right to appeal that dismissal.[1] Judge Toomin noted that the Clerk of the Circuit Court mailed Coleman the requisite notice on May 19, 1999.

---

[1] Judge Toomin learned of the Clerk's error in March 1999. At that time, the Judge re-entered his August 3, 1995 order and ordered the Clerk to provide Coleman with the requisite notice. Yet again, the Clerk did not provide Coleman with such notice. Judge Toomin re-entered the order for a second time on May 17, 1999 after learning of the Clerk's repeated error.

Coleman filed a timely notice of appeal from Judge Toomin's May 17, 1999 order. The Illinois Appellate Court received the appeal and assigned it appellate court number 1-99-3867. On September 20, 2000, the Illinois Appellate Court dismissed Coleman's appeal for lack of jurisdiction, reasoning that the Circuit Court acted without jurisdiction when it re-entered, *sua sponte*, its August 3, 1995 order of Coleman's first post-conviction petition. *See People v. Coleman*, No. 1-99-3867 (unpublished order). It characterized the May 17, 1999 order as a "nullity as to its effect in tolling the time within which the defendant could appeal the dismissal of his original petition." *Id*. Coleman then filed a petition for leave to appeal with the Illinois Supreme Court, which was denied on June 29, 2001. On June 27, 2002, Coleman filed the petition for writ of habeas corpus presently before us, which sets forth the following claims: (1) denial of his due process right of notice to appeal his first post-conviction petition; (2) trial court error in denying Coleman's motion in limine to exclude certain evidence at his trial; (3) denial of effective assistance of trial counsel; and (4) denial of effective assistance of appellate counsel.

## II.  ANALYSIS

### A.  Statute of Limitations and Equitable Tolling

Respondent argues that Coleman's petition for writ of habeas corpus should be dismissed with prejudice as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). AEDPA became effective on April 24, 1996, and imposed a one year statute of limitations for filing § 2254 petitions for writ of habeas corpus. Section 2244(d) provides that:

> (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.
> Once Coleman's conviction "became final by the conclusion of direct review or the expiration

4

of the time for seeking such review," the one-year period of limitation for habeas corpus proceedings began to run. 28 U.S.C. §2244(d)(1)(A). The parties agree that Coleman's conviction was final prior to the enactment date of AEDPA. Thus, Coleman had one year from the effective date of that statute – April 26, 1996 – to file his § 2254 petition. *See Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002). The period of limitation continues to toll, however, while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. 2244(d)(2). The Seventh Circuit has explained that "whether a petition is 'properly filed' depends on state law, so that if a state court accepts and entertains it on the merits it has been 'properly filed' but that if the state court rejects it as procedurally irregular it has not been properly filed." *Fernandez v. Sternes*, 227 F.3d 977, 978 (7th Cir. 2000).

We address the state court disposition of Coleman's two post-conviction petitions in reverse order. On November 9, 1995, the Circuit Court of Cook County dismissed Coleman's second post-conviction petition as frivolous, without considering it on the merits. *See People v. Coleman*, No. 91-CR-837 (unpublished order). The Illinois Appellate Court did not disturb the trial court's ruling when it dismissed the appeal. Thus, Coleman's second post-conviction petition was not properly filed.

Coleman's first post-conviction petition was properly filed. The Circuit Court of Cook County accepted the petition, considered it on the merits, and dismissed it in an order dated August 3, 1995. *See People v. Coleman*, No. 91-CR-837 (unpublished order). Coleman did not file a notice of appeal in the trial court within thirty days from the date on which the trial court originally entered the order as required under Illinois law. *See* IL S. Ct. Rule 651(b). Instead, Coleman filed a timely appeal from the Circuit Court's May 17, 1999 re-entry of the August 3, 1995 order dismissing his first post-conviction petition. Coleman's appeal of his first post-conviction was not properly filed. On September 20, 2000, the Illinois Appellate Court dismissed the appeal for lack of jurisdiction, deeming that the Circuit Court

had acted without jurisdiction in re-entering the 1995 order. *See People v. Coleman*, No. 1-99-3867 (unpublished order). As such, the period of time between Coleman's filing of his first post-conviction petition and the expiration of the thirty day period after the Circuit Court's original entry of its August 3, 1995 order would not have counted toward the period of limitation. This period of time, however, does not count toward the period of limitation because it pre-dates the enactment of AEDPA by over eight months. Accordingly, Coleman was required to file his habeas petition by April 26, 1997 – one year after AEDPA's enactment – to meet the statutory requirement. *See Newell*, 283 F.3d at 833.

Coleman filed his habeas petition on June 27, 2002, over five years after the statute had run. The one-year deadline is not jurisdictional, however, so Coleman's petition may be reviewed if he can show that equitable tolling is warranted. *See Taliani v. Chrans*, 189 F.3d 597, 597-98 (7th Cir. 1999). Under the doctrine of "equitable tolling," we may excuse Coleman's failure to file his § 2254 petition within the limitation period only if he shows that he "could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." *Taliani*, 189 F.3d at 597. In other words, we may entertain a petition that is untimely filed when, due to extraordinary circumstances beyond the petitioner's control, he cannot reasonably be expected to file his suit on time. *See Wilson v. Battles*, 302 F.3d 745, 749 (7th Cir. 2002).

Equitable tolling is granted sparingly. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). As the Seventh Circuit has explained, "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Id.* Equitable tolling is not available where the plaintiff alleges he missed the deadline due to his attorney's mistake. *See Taliani*, 189 F.3d at 597. Ignorance of the law, language barriers, limited education, or lack of counsel also do not provide grounds for equitable tolling. *See United States v. Montenegro*, 248 F.3d 585, 594 (7th Cir. 2001), *overruled on other grounds by Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001). Equitable tolling

has applied, however, where the state failed to provide a petitioner with the requisite notice regarding the dismissal of his post-conviction petition. *See United States v. Walls*, 2003 WL 103006 (N.D. Ill. Jan. 10, 2003) (petitioner entitled to equitable tolling where state failed to provide petitioner with a copy of appellate court's order denying his petition for rehearing on his petition for post-conviction relief); *see also United States v. Chrans*, 2001 WL 1155260 (N.D. Ill. Sept. 28, 2001) (petitioner entitled to equitable tolling where state failed to provide petitioner with notice of trial court's order dismissing his petition for post-conviction relief). Coleman argues that the circumstances of his case justify the application of the doctrine of equitable tolling. We agree.

Illinois Supreme Court Rule 651(b) states that "[u]pon the entry of a judgment adverse to a petitioner in a post-conviction proceedings, the clerk of the trial shall at once mail or deliver to the petitioner a notice" of the adverse judgment and of the petitioner's right to appeal. The Circuit Court Clerk of Cook County did not provide Coleman with such notice after Judge Michael P. Toomin dismissed Coleman's first post-conviction petition on August 3, 1995. Nonetheless, Coleman attempted to appeal the Circuit Court's dismissal. The Illinois Appellate Court rebuffed Coleman's attempt, informing him that his appeal had already been processed. The appeal to which the Illinois Appellate Court referred, however, was Coleman's appeal of the dismissal of his second post-conviction petition.

Coleman also engaged in years of correspondence with Circuit Court Judge Toomin, who repeatedly assured Coleman that he had appealed the dismissal of his first post-conviction petition. Despite these reassurances, Coleman filed a mandamus petition, which Judge Toomin denied on March 12, 1999, demanding permission to file a late notice of appeal. On May 17, 1999, Judge Toomin, *sua sponte*, reentered his August 3, 1995 order dismissing Coleman's first post-conviction petition. *See People v. Coleman*, No. 91-CR-837 (unpublished order). In a letter to Coleman dated May 21, 1999, Judge Toomin confirmed that the Circuit Court Clerk did not provide Coleman with notice of the

dismissal of his first post-conviction petition and notice of his right to appeal that dismissal until May 19, 1999. Once he received the requisite notice from the Circuit Court Clerk, Coleman filed a timely notice of appeal from Judge Toomin's re-entered order dismissing his petition.

Thus, it appears that Coleman, despite "all due diligence," was unable to obtain "vital information," bearing on the status of his first post-conviction petition until mid-May 1999. We find that Respondent's extensive delay in notification qualified as an "exceptional circumstance" warranting the application of the equitable tolling doctrine in this case from April 26, 1997 to June 29, 2001. This period of time begins on the date by which Coleman would have had to file his habeas petition without the application of equitable tolling. It takes into account the subsequent years Coleman waited for the appropriate notice of the dismissal of his first post-conviction petition. It also takes into account that Coleman's appeal of the dismissal was before the Illinois courts from mid-1999 until June 29, 2001. Factoring such tolling into the statute of limitations calculation, Coleman would have had until June 29, 2002 to file his habeas corpus petition. Because he filed the instant petition on June 27, 2002, we consider it timely.

### B. Exhaustion of State Court Remedies and Procedural Default

Section 2254, as amended, empowers a district court to entertain a petition for writ of habeas corpus from a person in custody pursuant to the judgment of a state court on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §2254(a). Habeas relief may be granted only if the adjudication of the claim by the state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d)(1). Before a court can review a habeas petition on the merits, it must conclude that the petitioner exhausted all available state remedies, and that the petitioner did not procedurally default the claims in state court. *See*

*Moleterno v. Nelson*, 114 F.3d 629, 633-34 (7th Cir. 1997). Procedural default occurs when a petitioner failed to raise his claim with a state court or if the state court declined to address the merits of his claim due to his non-compliance with a state law requirement. *See Coleman v. Thompson*, 501 U.S. 722, 729-30, 111 S.Ct. 2456, 115 L.Ed.2d 640 (1991).

We recognize that Coleman may have procedurally defaulted each of the claims contained in his habeas petition. If so, procedural default may be excused if the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 705. To show that a miscarriage of justice will occur if a procedural default is not excused requires proof that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1980). This Court shall address Coleman's claims after the parties submit additional argument on the merits in accordance with the schedule set forth below.

### III. CONCLUSION

For the foregoing reasons, this Court denies Respondent's motion to dismiss Coleman's petition for writ of habeas corpus. This Court directs Respondent to answer the grounds for relief set forth in Coleman's petition for writ of habeas corpus within 10 days of this order. Petitioner Coleman shall subsequently have 20 days to reply to Respondent's answer. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 4/14/03